PRÁXEDES PABÓN, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1624.   Argued February 25, 1946.—Decided March 29, 1946.

*E. Acosta Domenech* for petitioner. *E. Díaz Viera* and *Víctor Igartúa,* attorneys of the Department of Labor, representing the respondent judge and the intervener, plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On October 17, 1945, the Municipal Court of San Juan rendered judgment in a case brought by Víctor Maura against Práxedes Pabón claiming wages. Upon notifying the judgment, the clerk of said court stated in the record that he had filed a copy of the notice on the same day, October 17, 1945, when in fact he served said notice on October 19, 1945. Taking as a basis this latter date which appears on the original notice, the defendant filed her notice of appeal in the District Court of San Juan on October 23, 1945. The appellee sought the dismissal of the appeal on the ground that it had been filed after the expiration of the five days granted under the law in cases of claims for wages.

Appellant objected and the lower court, after weighing the evidence dismissed the appeal. To review this decision we issued the present writ of certiorari.

It appears from the evidence that although in the notice of the judgment served by the clerk of the municipal court on October 19, 1945, it is stated that a copy of said notice was filed with the record of the case on October 17, the envelope containing said notice, was stamped in the mail as having been deposited on October 19, 1945 at 6 p. m. The clerk of the municipal court further testified that the judgment in this case was notified on October 19, although it appears from the record as of October 17.

Section 8 of Act No. 10 of 1917, as amended by Act No. 40 of April 17, 1935, provides that an appeal in cases of claims for wages "shall be taken by filing with the secretary of the municipal court within five days after notice is given of the

sentence" and in *Fog* v. *District Court, ante,* p. 150, we held that said period begins to run from the time that the clerk files with the record of the case a copy of the notice of the judgment.

However, a law must be applied according to the true facts of the case. If, as revealed in this case, the interested party was not notified of the jugment until October 19, even though it was stated in the record that it was served on October 17, the term of five days does not begin to run from October 17. It would be unjust to deprive petitioner of the remedy of appeal granted by law because of an error committed by the clerk of the municipal court in failing to state the true date on which he filed with the record a copy of the notice of the judgment. Since petitioner filed her notice of appeal on October 23, it was filed within the statutory period of five days.

The decision appealed from must be set aside and the case remanded for further proceedings.